**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

**JEANNE HERRINGTON**,

        **Petitioner,**

**v.**                        **Civil Action No. 1:14-cv-28778**

**BARBARA RICKARD, Warden,**
**Alderson FPC,**

        **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

On November 20, 2014, Jeanne Herrington (hereinafter "Petitioner") filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.[1] (ECF No. 1, 7). This case is assigned to the Honorable David A. Faber, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** the Petition for a Writ of Habeas Corpus and **DISMISS** this action from the docket of the Court.

**I.**    **Relevant History**

On November 14, 2008, Petitioner was found guilty by a jury, duly empaneled and

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and, therefore, are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

sworn in the United States District Court for the Northern District of Ohio, Western Division, of one count of conspiracy to defraud the United States and one count of interfering with the IRS. *See United States v. Herrington*, Case No. 3:06-cr-426-02-DAK at ECF No. 125 (N.D.Ohio Nov. 14, 2008).[2] Petitioner was sentenced to ninety-six months of imprisonment on June 2, 2009. (*Id.* at ECF No. 159). On June 5, 2009, Petitioner filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit"). (*Id.* at 161). Three months later, while the appeal was still pending, Petitioner filed a motion to vacate her sentence under 28 U.S.C. § 2255. (*Id.* at 170). The presiding District Judge dismissed the § 2255 motion in view of the unresolved appeal. (*Id.* at 173).

On December 23, 2o1o, the Sixth Circuit affirmed Petitioner's conviction and sentence. *Herrington,* Case No. 3:06-cr-426-02-DAK at ECF No. 197. Seventeen and a half months later, on June 8, 2012, Petitioner filed a Notice of Error and Writ of Coram Nobis in the Ohio District Court. (*Id.* at 198). In that document, Petitioner challenged her conviction and sentence on the ground that the court lacked jurisdiction to hear the case. In support of her claim, Petitioner alleged that (1) because the charging documents spelled her name in capital letters, the documents did not properly name her, but instead named a "fiction;" (2) the fictitious plaintiff (the United States of America) did not sign the indictment as required by law; and (3) by proceeding in the absence of essential charging documents properly naming the individual Petitioner, the prosecutor violated Petitioner's due process rights and committed a fraud. On September 9, 2012, the District Court denied this motion, and some ancillary motions, for lack of jurisdiction.

---

[2] The undersigned has used the PACER system to locate documents filed in other federal actions involving Petitioner and takes judicial notice of those documents. *See Philips v. Pitt Cnty. Mem'l Hosp.,* 572 F.3d 176, 180 (4th Cir. 2009) (A court may take judicial notice of the contents of court documents); *also Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1239 (4th Cir. 1989).

Two years later, on September 3, 2014, while incarcerated at the Livingston County Jail in Howell, Michigan, Petitioner filed a petition for the "Great Writ of Habeas Corpus" in the United States District Court for the Eastern District of Michigan. *Herrington v. Bezotte,* Case No.: 2:14-cv-13395-LJM-PJK (E.D. Mich.) at ECF No. 1. In this action, Petitioner again asserted that when her name was spelled in all capital letters in certain court documents, the documents referred to property, not to her, a person. Consequently, those documents did not legally authorize action to be taken against her. Petitioner claimed that her freedom had been removed by fraudulent means, and she was currently being detained unlawfully by the United States Marshals Service. She asked to be discharged from liability and released to her home. On January 21, 2015, the Michigan District Court entered an Order summarily denying the petition, as well as Petitioner's accompanying motions for default judgment and to expunge her conviction. *Herrington v. Bezotte,* No. 14-cv-13395, 2015 WL 268412 (E.D. Mich. Jan. 21. 2015).

## II.    The Instant Petition for a Writ of Habeas Corpus

Shortly after filing the petition for the "Great Writ of Habeas Corpus" in the Michigan District Court, Petitioner apparently was transferred to the Federal Prison Camp at Alderson, West Virginia, where she was housed at the time she filed the instant action. Notwithstanding her case still pending in Michigan, on November 20, 2014, Petitioner requested the "Great Writ of Habeas Corpus" from this Court, relying on the same arguments as those asserted in the Eastern District of Michigan. (ECF No. 1). On November 26, 2014, the undersigned entered an Order, advising Petitioner that her petition, as written, failed to state a cognizable claim under 28 U.S.C. § 2241. (ECF No. 3). Petitioner was sent the court-approved habeas form and was instructed to resubmit her petition using the form. Petitioner's amended petition was filed on January 12, 2015.

(ECF No. 7). In that document, Petitioner contended that the federal court in the Northern District of Ohio had acted without jurisdiction in 2008 and 2009 by convicting and sentencing her although the indictment and various related documents spelled her name using all capital letters. Once again, Petitioner alleged that when her name was spelled in all capital letters, it referred to a "strawman" or "fiction," or "a transmitting utility filed on [her] Uniform Commercial Code I" and not to her as an individual person. She also claimed that the trial held by the Ohio District Court was "faked;" that the trial was of a "probate" matter and the District Court lacked jurisdiction over probate matters; and the statutes under which the fiction, JEANNE HERRINGTON, was charged were unconstitutional. Petitioner prayed that this Court "release [her] immediately and expunge [her] record." (ECF No. 7 at 8).

On March 17, 2015, after conducting an initial review of the amended petition, the undersigned issued another Order, finding that Petitioner was challenging the validity of her conviction and sentence in the Ohio District Court; therefore, her claims were not properly brought under 28 U.S.C. § 2241. Instead, Petitioner was required to raise these claims in a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. Petitioner was provided with information regarding the limitations and restrictions associated with actions filed under § 2255 and was given the opportunity to withdraw the petition or amend it before the undersigned considered whether the petition should be recharacterized by the District Court. (ECF No. 12). In response, Petitioner amended the petition by asking that her request for relief be modified to state that she was being discharged "based on time already served." (ECF No. 13).[3]

---

[3] Petitioner additionally filed a motion to compel the court to answer her petition for habeas relief, which the undersigned hereby **DENIES** as moot. (ECF No. 17).

4

## III.   Discussion

Although 28 U.S.C. § 2241 provides a general grant of habeas corpus authority, § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997).  The remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. To the contrary, "[i]t is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted); *see also In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (stating that in "a limited number of circumstances," § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly, the prisoner may file a habeas petition under § 2241.). Found at 28 U.S.C. § 2255(e), the "savings clause" occasionally allows a § 2241 petition to take the place of a § 2255 motion, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194, nor simply because relief is unavailable due to the gatekeeping provisions of Section 2255. *Young v. Conley*, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001). Rather, the savings clause creates an exceptionally narrow opening through which a petitioner may pass when her § 2241 claim contains all three of the following characteristics: (1) at the time of her conviction, the settled law of the circuit or the Supreme Court established the legality of her conviction; (2) subsequent to her direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which she was convicted is now deemed not to be criminal; and (3) she cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 333-34. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *Jones* criteria. *See McGhee v.*

*Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

Here, Petitioner challenges the validity of her federal judgment and sentence; therefore, her claim should be brought under 28 U.S.C. § 2255, unless she can demonstrate that the remedy under § 2255 is inadequate or ineffective under § 2255(e). Petitioner makes no such showing. To the contrary, Petitioner argues, as she has from the outset, that she was never properly charged with a crime; that when her name is spelled in all capital letters it does not refer to her, and she was not legally convicted because the federal court in Ohio lacked jurisdiction over her. Moreover, Petitioner has raised these same nonsensical arguments in two prior habeas petitions and in a petition for a writ of *coram nobis*. Consequently, Petitioner cannot satisfy any of the *Jones* criteria; thus, her claim is not cognizable under § 2241.

Given that Petitioner's claim is not properly brought under § 2241, her petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). If the Court chooses to dismiss the § 2241 petition, then Petitioner's claim is at an end in this jurisdiction because, unlike § 2241 petitions, which are brought in the district in which the petitioner is incarcerated, *see United States v. Poole*, 531 F.3d 263 (4th Cir. 2008), § 2255 directs the petitioner to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255. Consequently, Petitioner would be required to re-file her claim in the United States District Court for the Northern District of Ohio.

On the other hand, this Court may construe the petition as a § 2255 motion and dispose of it. Because this Court would lack jurisdiction over Petitioner's § 2255 motion, the Court would either have to dismiss the motion, or transfer it to the Northern District of Ohio for further proceedings. Title 28 U.S.C. § 1631 provides as follows respecting

transferring civil actions:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

The transfer of a matter is "in the interest of justice" when the claims raised are sufficiently meritorious and/or the petitioner would be procedurally barred from raising them anew in the district with jurisdiction if they were dismissed in the district contemplating transfer. *See Wilson v. Williamson*, Case No. 5:02-cv-1309, 2006 WL 218203, * 2 (S.D.W.Va Jan. 25, 2006). "[W]here a petitioner's right to the 'great writ' is at stake, there are few scenarios where it would not be in the interest of justice to transfer the petition to the proper court. *United States v. McNeill,* 523 F.App'x 979, 984 (4th Cir. 2013). Two such scenarios, however, include those involving petitions that are frivolous, and those where petitions are clearly time-barred. *Id.* (citing *Phillips v. Seiter,* 173 F.3d 609, 610–11 (7th Cir. 1999) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources); (*Galloway Farms, Inc. v. United States,* 834 F.2d 998, 1001 (Fed.Cir. 1987) (declining to transfer claims under § 1631 that were frivolous).

In the present case, Petitioner's petition should be dismissed rather than recharacterized and transferred, because it is both frivolous and clearly time-barred. First, Petitioner cites no support for her contention that the capitalization of her name voids her indictment, trial, conviction, and sentence. Her allegation that JEANNE HERRINGTON refers to a "strawman," "fiction," or piece of property subject to the Uniform Commercial Code, simply has no legal basis. *See Herrington v. Bezotte,* 2015 WL 268412, at *4 (citing *United States v. Humphrey,* 287 F.3d 422, 435 (6th Cir. 2002).

([T]he Uniform Commercial Code is inapplicable to criminal proceedings and cannot bar jurisdiction over a criminal defendant.") Her petition is facially insufficient and, accordingly, should be summarily dismissed. (*Id.*).

Second, reclassifying and transferring the action would serve no apparent purpose, as a § 2255 motion would be time-barred. Petitioner's judgment of conviction in the Ohio District Court was entered, at the latest, in June 2009, and was affirmed on appeal on December 23, 2010. Petitioner did not petition for a writ of *certiorari*. Therefore, the conviction became final on March 23, 2011, or 90 days after the Sixth Circuit affirmed her judgment. *See Clay v. United States*, 537 U.S. 522, 525, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). Under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Upon close review of the petition filed herein and the other petitions filed by Petitioner in the Ohio and Michigan federal courts, the undersigned finds no claimed impediment, or statement of fact or law, that would trigger a date described in subsection 2, 3 or 4 of § 2255(f). Consequently, subsection 1 of § 2255(f) would apply. Thus, the last date on which Petitioner could have timely filed a motion under § 2255 was March 22, 2012. The first document filed by Petitioner after her judgment became final

was the Notice of Error and Writ of Coram Nobis filed on June 8, 2012. Therefore, even when construing that document as a § 2255 motion, it was filed more than two months after expiration of the one-year limitation period.

In sum, given the facial insufficiency of Petitioner's petition for habeas relief and its untimeliness as a § 2255 motion, the undersigned **FINDS** no meritorious ground upon which to recharacterize and transfer it to the Northern District of Ohio.

## IV.    <u>Proposal and Recommendations</u>

For the forgoing reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF Nos. 1, 7) be **DENIED,** and this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140

(1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner.

**FILED:** January 13, 2016

Cheryl A. Eifert
United States Magistrate Judge